UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

REGINALD BUTLER,
   Plaintiff,

vs.         No. 07-1201

ROGER E. WALKER, JR., et al.,
   Defendants.

Order

  Before the court are the plaintiff's motion to alter or amend the judgment [45] and the defendants' response.

  In his lawsuit, Plaintiff alleged that Defendants used unnecessary force against him in violation of his Eighth Amendment rights on July 11, 2006. On September 28, 2009 [43], this court granted Defendants' Motion for Summary Judgment on grounds that Plaintiff had failed to exhaust his administrative remedies against Defendants' Smithson, Rosenberger and Gilbert, and that Defendants Walker, Miller, Benton, Jones, Lingle, and Motteler were not personally involved in the alleged constitutional violation. Plaintiff now asks this court to reconsider its Order pursuant to Fed. R. Civ. P. 59(e) [45]. He appears to argue that he is entitled to reconsideration because the Department of Corrections did not provide him with the videotape he requested of the alleged abuse, because an attorney should have been appointed to represent him, and because he was not required to prove he exhausted his administrative remedies.

  As an initial matter, Fed. R. Civ. P. 59 is inapplicable in this case, because judgment was not entered following a trial, but after Defendants' summary judgment motion was granted. Fed. R. Civ. P. 60(b) is the appropriate rule to apply in this instance. Under Rule 60(b), the court may relieve a party from final judgment for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or misconduct by opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (5) any other reason that justifies relief. 5.

  The arguments in Plaintiff's motion are sketchy, but he appears to argue that this court should have ordered Defendants to produce a videotape that does not exist. Plaintiff asked this Court on June 9, 2008, to subpoena the videotape of the alleged abuse [28]. On October 10, 2008, this court ordered defense counsel to determine whether such a videotape existed, and if it existed, to file it with the court. On October 21, 2008, Defendants advised the court that no videotape existed because the shakedown room where Plaintiff indicated some of the abuse occurred was not equipped with a video camera. Further, the videotape from the North Cell House's gallery 1, where Plaintiff alleged the rest of the abuse occurred, had long since been taped over because videotapes are recorded over in as little as 24 hours unless a request is made

to preserve it [30].  Even so, this videotape, even if it existed, has nothing to do with the court's grounds for granting Defendants' motion for summary judgment.  In other words, even if the videotape existed, it would not help Plaintiff establish that he exhausted his administrative remedies against Defendants Smithson, Rosenberger and Gilbert.  Nor would it help him establish that Defendants Walker, Miller, Benton, Jones, Lingle, and Motteler were personally involved in the alleged abuse, particularly when Plaintiff conceded that his only allegations against these last six Defendants were that they denied the grievances he claims he wrote about being assaulted by Defendants Smithson, Rosenberger and Gilbert.

Plaintiff's argument that he was not required to allege or prove exhaustion of his administrative remedies is partially correct.  An inmate does not have to allege facts to prove that he exhausted his administrative remedies in his Complaint.  However, when Defendants file a motion for summary judgment with evidence that he failed to exhaust, Plaintiff is required to submit proof to the contrary.  *See* Fed. R. Civ. P. 56.  Because Plaintiff failed to do so, the court correctly determined that Defendants Smithson, Rosenberger and Gilbert were entitled to summary judgment in their favor.

As for Plaintiff's argument that the court should have appointed an attorney to represent him, this is not an appropriate basis for reconsideration of an Order granting summary judgment. The court notes that the court's orders denying Plaintiff's requests for appointment of counsel indicate that Plaintiff failed to provide the court with the evidence it requested to establish that Plaintiff had tried unsuccessfully to obtain counsel on his own.

In short, this court's decision to grant Defendants' motion for summary judgment was correct.  Plaintiff failed to exhaust his administrative remedies against Defendants Smithson, Rosenberger and Gilbert, and the remaining Defendants were not personally involved in the alleged constitutional violation. Consequently, the court's order and entry of judgment was proper.

Based on the foregoing, it is ordered:

1. Pursuant to Fed. R. Civ. Pro. Rule 60(b), the Plaintiff's Motion to Alter or Amend Judgment is denied.

Enter this 12th day of March 2010

s\Harold A. Baker
_____
Harold A. Baker
United States District Judge